CHARLIE NORTON

*v.*

ARNOLD HALL dba HALL COAL COMPANY and
EUREKA CASUALTY COMPANY.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

Petition for rehearing denied January 23, 1959.

GREEN, WEBB & McCAMPBELL, Knoxville, and G. HOW-
ARD NEVILS, Tazewell, for appellant.

WILLIAM J. TURNBLAZER, Middlesboro, Ky., for appel-
lee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The only question involved in this case is whether or not the Eureka Casualty Company is liable to the petitioner, Charlie Norton by virtue of the "Voluntary Plan For Granting Coverage to Uninsured Underground Coal Mine Risks Kentucky and Tennessee."

The trial court held that the Casualty Company was liable as it had entered into an agreement with other insurance companies to insure uninsured underground risks.

This written agreement, which is marked as an Exhibit in the record, required the applicant to furnish certain information on forms prescribed by the bureau. These forms were filled out and were received by the Coal Mine Rating Bureau on February 29, 1956.

The Bureau, on March 1, 1956, wrote to Smith Insurance Company and requested the amount of $330 as premium from defendant, Hall, and stated in the letter

that the risk had been accepted and was to be assigned to Eureka Casualty Company.

On March 23, 1956, Hall, through the Smith Insurance Company, sent a certified check in the amount of $330 to the Bureau.

The petitioner was severely injured on April 30, 1956, while in the employ of the defendant, Arnold Hall, and there is no question but that he is entitled to Workmen's Compensation.

The Casualty Company contends that the mine was in very poor condition and that it refused the risk, however, the mine inspection report by the State Mine Inspector, dated March 22, 1956, discloses that the mine was in good condition.

It seems that the Casualty Company attempted to reject the risk which had been assigned to it by the Bureau.

We think under the agreement that the Bureau was the agent of the Insurance Companies, who were parties to the agreement. To allow the Casualty Company to escape liability would be allowing the Insurance Company, which had entered into an arrangement with other companies, to defeat the purpose of assigned risks. The theory of assigned risks indicates that those who are not fortunate enough to secure insurance in the first instance will not be deprived of protection when they pay a higher premium rate, which was done in this case.

Under the agreement, it appears that the Bureau was given absolute authority to determine whether the risk is in good faith entitled to insurance, and then orders the designated carrier to issue a policy and the carrier shall issue the policy.

It appears that defendant, Hall, did all that any reasonable man could do and paid premiums when asked to do so. The trial judge was of the opinion that the petitioner was entitled to recover and the Casualty Company was bound under the agreement, being the agent of the Bureau which had full authority to bind the Company.

The judgment of the trial court will be affirmed.